IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CRAIG ENGELBRECHT,<br><br>    Plaintiff,<br><br>v.<br><br>PRECISION CONTROL GRAPHICS, LLC,<br><br>    Defendant. | CASE NO. _____<br><br>COMPLAINT AND<br>JURY DEMAND |

COMES NOW the Plaintiff, Craig Engelbrecht, and in support of his Complaint, states as follows:

## I.
## PARTIES

1.    Plaintiff Craig Engelbrecht (hereinafter "Engelbrecht") is a citizen of the State of Iowa and resides in Story County, Iowa.

2.    Defendant Precision Control Graphics, LLC (hereinafter "PCG") is a limited liability company organized under the laws of the State of Maryland with its principal place of business in the State of Maryland and transacts business in the State of Iowa.

## II.
## JURISDICTION

3.    This action arises under section 1 of the Sherman Act, sections 4 and 16 of the Clayton Act (15 USC §§ 1, 15 and 26 respectively) and the Declaratory Judgment Act (28 USC §§ 2201, 2202) and Federal Rule of Civil Procedure 57.

4.    Engelbrecht has been injured in his business and property by reason of activities prohibited in, and threatened loss or damage by a violation of, the antitrust laws and the injury,

loss and/or damage were materially and directly caused by an antitrust violation. In particular, there is a direct causal connection between the antitrust violation and harm to the Engelbrecht which was intended to be caused and such harm caused under the antitrust laws.

5. Venue exists in this court pursuant to the provisions of Sections 4 and 12 of the Clayton Act (15 USC §§ 15 and 22) and 28 USC § 1391(a), (b) (1) and( 2).

## III.
## ACTION FOR DECLARATION JUDGMENT

6. Prior to November 2005, several companies competed to provide control graphics for use in Johnson Controls, Inc.'s commercial heating and cooling systems (hereinafter "Johnson Control Systems").

7. Four of the companies that provided the services for Johnson Control Systems were: O & M Engineering Inc ("O & M") of Ellicott City, Maryland; Real World Solutions, Inc. ("RWS") of Indianapolis, Indiana; Streamside Solutions, LLC ("SS") of Estes Park, Colorado; and Quality Attributes, Inc. d/b/a Quality Attributes Control, Inc. ("QA") of Ames, Iowa.

8. PCG was formed in November of 2005 with three members: Richard K. Warner, the owner of O &M; William L. Parrish of RWS; and William Brian Russell of SS.

9. Warner, Parrish and Russell each signed an Operating Agreement for PCG.

10. At that time, Warner, Parrish and Russell each owned 33.33% of PCG.

11. PCG's Operating Agreement provides the purposes for which it was formed and the business and objects to be carried on and promoted are, among other things:

    (a)     development, licensing and implementation of;

    (b)     commercial and residential;

    (c)     infrastructure controls and graphic interface systems;

    (d)     managing revenue cycles therefrom; and

   (e)  follow up work related thereto.

12. Warner, Parrish and Russell then caused their respective companies, O & M, RWS and SS to enter into an Affiliate Sales and Services Agreement and an Affiliate Installation and Execution Services Agreement (hereinafter "Agreements") with PCG.

13. Thereafter, PCG solicited Engelbrecht to become a member of PCG.

14. PCG represented to Engelbrecht that PCG was a joint venture of O & M, RWS and SS and would provide new control graphics for use in Johnson Control Systems.

15. PCG offered to Engelbrecht that he could become an equal 25% owner of PCG.

16. On August 4, 2006 Warner, as President of PCG, and the other two members came to Ames, Iowa and Engelbrecht, Warner and the other members each signed the Operating Agreement. (See Exhibit "A" attached hereto). The Operating Agreement was deemed effective as of April 3, 2006.

17. PCG then required that QA enter into the Agreements.

18. QA signed such Agreements on April 9, 2006.

19. Since becoming a member, Engelbrecht has become aware that PCG simply offers the type of product that O & M, RWS, SS or QA (hereinafter "Four Companies") were capable of providing on their own and that PCG does not have any of its own employees (other than the part-time services of a bookkeeper who is assigned from O & M) and there has been virtually no integration of resources by the Four Companies and the members of PCG in PCG's operations.

20. Further, since becoming a member of PCG, Engelbrecht has become aware that PCG, under the Agreements, prohibits the Four Companies -- which are separate and independent companies that formerly competed against each other in the sale of control graphics

-- from providing any service or product, other than the product of PCG, for Johnson Control Systems; that each of the Four Companies must sell the PCG product at a minimum price; and that each of the Four Companies has an exclusive territory.

21. The activities of PCG, and its service, are not part of a permissible joint venture and, in effect, amount to an arrangement whereby O & M, RWS, SS and QA have set prices, reduced output of services and allocated territories for control graphics used in Johnson Control Systems.

22. Engelbrecht has made these concerns known to the members of PCG and asked to be released as a member of PCG.

23. PCG has refused to release him as a member.

24. The Operating Agreement of PCG is null, void and unenforceable because it violates public policy.

WHEREFORE, Engelbrecht prays that the Court declare the Operating Agreement of PCG null, void and unenforceable for violating public policy, that Engelbrecht be released from any further involvement in PCG, that PCG be enjoined from taking any adverse action against Engelbrecht, for money damages not less than $75,000, interest, costs and attorney fees and other relief deemed appropriate under the circumstances.

## JURY DEMAND

COMES NOW Plaintiff Craig Engelbrecht and hereby demands a trial by jury on all issues in his Complaint.

[signature]

---
Stanley J. Thompson, AT0007811
Davis, Brown, Koehn, Shors & Roberts, P.C.
666 Walnut Street, Suite 2500
Des Moines, Iowa 50309-3993
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
E-mail: Stan.Thompson@lawiowa.com

ATTORNEY FOR PLAINTIFF

5